Mr. Kie D. Hall Executive Director Arkansas Public Employees Retirement System One State Capitol Mall Little Rock, Arkansas 72201-1015
Dear Mr. Hall:
This is in response to your request for an opinion on the following question:
 In light of Attorney General's Opinion No. 73-161, and Act 62 of 1981, are municipal judges and/or clerks who take office after the effective date of Act 62 of 1981 allowed the choice of membership in the Arkansas Public Employees Retirement System or a municipal judges or clerks retirement system, or it is mandatory that they be enrolled in the Arkansas Public Employees Retirement System?
In my opinion, to the extent the municipal judge or clerk is eligible for membership in a retirement system established pursuant to A.C.A. 24-8-301, et seq., (Act 432 of 1973), 24-8-401, et seq., (Act 19 of 1965); or 24-8-503 (Act 83 of 1971), he or she must be a member of that system, and cannot choose to become a members of the Arkansas Public Employees Retirement System, hereinafter referred to as "APERS".
Opinion No. 73-161, (a copy attached) was issued in response to several questions arising under the then new Act 432 of 1973. That act provides for the establishment of city administered retirement plans for municipal judges and clerks. The original act further provided in subsection (9) that:
 A judge of a municipal court and the clerk of a municipal court which, on the effective date of this act are covered by the provisions of the Municipal Section of [APERS] shall, within one (1) year from the effective date of this Act, [meaning before March 23, 1974] make an election in writing as to whether to continue as a member of [APERS] in lieu of participating in the retirement benefits in this Act, or in the event any such municipal judge or municipal court clerk shall elect to receive retirement benefits under this Act, they shall cease to be members of [APERS].
Act 62 of 1981 amended this section so that the time limit for making election was extended to January 1, 1982. As is evident form the emergency clause (3), Act 62 was enacted to allow any municipal clerk who inadvertently failed to elect before the deadline in Act 432 of 1973, additional time to make the election.
Opinion No. 73-161, in response to the question of whether under 432 of 1973, future municipal judges and clerks are to be enrolled in APERS, concludes that persons who become municipal judges or clerks after March 23, 1974 (i.e., after the original election deadline) are to be given a choice between APERS and the system established pursuant to Act 432 of 1973. With this conclusion, I disagree. It should be noted that my disagreement does not stem from the amendment to the election deadline brought about by Act 62 of 1981. The question posed in Opinion No. 73-161, and the one you pose today are the same: After the time for election has passed, in which system are new municipal judges and clerks to be enrolled. Opinion No. 73-161 opines that such persons are to still be given an election. I opine that to the extent they are eligible for membership in a retirement system established by state law other than APERS, they are to be enrolled in that system.
This conclusion is reached through interpretation of relevant statutes, as no interpretive case law on point exists. Act 432 of 1973 (A.C.A. 24-8-312), and Act 62 of 1981 (amending the same provision), both contain deadlines as to when an election can be made. Persons covered under APERS were allowed to choose whether to remain with that system, but only up until a certain date. Thereafter, provision for an election is not made. The acts only grant the right to choose until a certain date. The negative implication of this provision is that no election can be made after the deadline. The right to choose expires at the deadline. Therefore, after the election deadline has passed, municipal judges and clerks are to be mandatorily enrolled in one system; there is no choice granted.
In my opinion, this one system is the local city fund established pursuant to state law. This conclusion is established pursuant to state law. This conclusion is founded upon statutes governing APERS itself. Section 24-2-302 of the Arkansas Code entitled "Classification of Members" provides in subsection (4):
 All eligible employees of the State of Arkansas or any of its political subdivisions except those who are members of or are eligible for membership in another legally established stated retirement plan shall be members of [APERS].
Municipal judges and clerks are not included in APERS under this provision because they are eligible for membership in another legally established state plan. Additionally, they are not "eligible employees" under the provision above for the same reason. (See the definition of "employee" found at24-4-101(7)(B), which exempts persons eligible for membership in a retirement system "authorized by the laws of the state".) Therefore, it is my opinion that to the extent they are eligible for membership in another plan established pursuant to state law, municipal judges and clerks are ineligible for membership in APERS.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.